IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REGINA FITZSIMMONS
329 Sackett Drive
Moraine, Ohio 45050

Case No.: 3:21-cv-92
Judge

    Plaintiff,

v.

SILFEX INC., a division of
LAM RESEARCH CORPORATION
950 S. Franklin Street
Eaton, Ohio 45320

and

RELIANCE STANDARD LIFE INSURANCE COMPANY
2001 Market Street
Philadelphia, PA 19103

    Defendants.

## COMPLAINT

Now comes Plaintiff, Regina Fitzsimmons by and through counsel, and for her Complaint against Defendant Silex and Lam Research Corporation, herein state and aver as follows:

### I.    PARTIES, JURISDICTION & VENUE

1. Plaintiff Regina Fitzsimmons, at all times relevant hereto, is and was a citizen of the State of Ohio.

2. Defendant Silfex, Inc. is, and at all times relevant hereto was, a corporation duly organized and existing under and by virtue of the laws of the State of Ohio. At all times relevant hereto, Defendant was the employer of Plaintiff's now deceased husband, Paul Garmany.

3. Plaintiff alleges that certain of her claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1001, et seq. and that Silex's Life Insurance Coverage Plan, Group Policy GL 134598, replacing Group Policy GL 141348 constitutes a "plan under ERISA". A true and accurate copy of the Plan is attached hereto, and fully incorporated herein, as Plaintiff's Exhibit 1. Plaintiff brings this action under Section 502 (a) of the Act following an adverse benefit determination on review.

4. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1337, 1367, and 29 U.S.C. § 1132(e). This Court has pendent jurisdiction over the state law claims herein set forth and pleaded.

5. Venue properly lies with the Southern District of Ohio pursuant to 29 U.S.C. § 1132(e)(2) because plaintiff's husband was employed by Defendant who regularly conducts and transacts business and its interests within this District.

## II. FACTUAL BACKGROUND

6. The allegations set forth in paragraphs 1 through 5 are incorporated herein as if fully rewritten.

7. Plaintiff's husband Paul Garmany was a former employee of Defendant until his death on April 15, 2010 from colon cancer.

8. During his employment with Defendant Paul Garmany was provided with a life insurance plan. Plaintiff was the named beneficiary under said plan.

9. After Paul Garmany died, Plaintiff submitted a claim to have her husband's death benefits paid to her.

10. Defendant failed and refused to pay Plaintiff the total amount of benefits due to her under said life insurance plan.

11. Plaintiff has demanded from Defendant that it pay her the applicable life insurance benefits but Defendant has only made a partial payment of the benefits to Plaintiff.

12. As stated above, Paul Garmany, died on April 15, 2010. On January 1, 2010 Paul Garmany's life insurance benefits with Defendant Silfex substantially increased. To be eligible for the increased benefits, Paul had to be a full time employee on January 1, 2010. As of January 1, 2010 Paul Garmany's insurance benefits would have been a multiple of two times his salary, plus supplemental insurance benefits at a multiple of three times his salary.

13. Paul's last day physically working for Defendant was Friday, December 18, 2009. On December 20, 2009 he began 80 hours of vacation. The 80 hours of vacation and Silfex paid holidays of Christmas, New Years Day paid Paul through January 5, 2010.

14. However, Defendants have maintained that Paul took the 80 hours of vacation from December 7, 2009 through December 18, 2009, so that he didn't reach January 1, 2010 as a full time employee.

15. Defendant Silfex attempted to modify Paul's vacation without providing him with any notice of the change or modification. Defendant Silfex also failed to pay Paul Garmany for 80 hours of vacation, two days of holiday pay and three days of PTO.

16. Defendant Silfex's Employee Handbook, attached as Plaintiff's Exhibit 2, provides, "any change in the personnel record that affects an employee's work, for example, a change in their rate of pay or classification, must be initiated by their immediate supervisor, a member of management, or Human Resources. Employees will be notified of any such changes promptly."

17. Defendant's Employee Handbook at page 23 also provides, vacation time is considered as time worked for the purpose of computing overtime pay." When a company designated

3

holiday occurs while employees are on a paid vacation, the employees will receive holiday pay for that day as long as they are in "active status."

18. On or about March 18, 2013 Defendant Reliance Standard Life Insurance Company mailed a letter to Ms. Fitzsimmons then counsel denying a prior appeal initiated by Plaintiff. A copy of this letter is attached as Plaintiff's Exhibit 3. Said determination was inconsistent with and in violation of the plain reading of the Plan.

### III. CAUSES OF ACTION

#### A. RECOVERY OF PLAN BENEFITS
(29 U.S.C. 1132(A)(1)(B)
AS TO ALL DEFENDANTS

19. Plaintiff incorporates the allegations set forth in paragraphs 1-18 as if fully restated herein.

20. Under the terms of the applicable life insurance plan, Defendants were obligated to effectuate and provide the benefits described to Plaintiff upon the death of her husband while employed by Defendant Silfex.

21. Denial of benefits to Plaintiff constitutes a breach of the Plan between Defendants and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits she would have received but for Defendant's breach and failure to consistently and equitably treat Plan beneficiaries.

22. Defendants have arbitrarily and capriciously breached their obligations set forth in the Plan and under the ERSIA policy to provide Plaintiff benefits by refusing to afford and/or honor the terms of the Plan.

23. As a direct and proximate result of the aforementioned conduct, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff should have been entitled under the terms of the Plan.

24. As a further direct and proximate result of the aforesaid conduct, plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, including attorney fees in an amount that shall be determined at the trial of this matter.

### B. BREACH OF FIDUCIARY DUTY
### (29 U.S.C. §§ 1104, 1105, 1009, AND 1132(A))
### AS TO ALL DEFENDANTS

25. Plaintiff incorporates the allegations set forth in paragraphs 1-24 as if fully restated herein.

26. Plaintiff alleges upon information and belief that Defendants requested and/or relied upon inappropriate and incomplete documentation in contravention of their duties and obligations under the Plan and relative to the benefits sought by Plaintiff, and did not take into consideration all relevant evidence regarding Plaintiff's demand.

27. Defendants have denied and refused to provide benefits under the Plan to Plaintiff.

28. Defendants are fiduciaries within the meaning of 29 U.S.C. § 1001, et seq., and are subject to the duties and liabilities set forth in 29 U.S.C. §§ 1104, 1105, and 1109.

29. 29 U.S.C. § 1104(a) specifically provides "…a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of … providing benefits to participants and beneficiaries; and defraying reasonable expense of administering the plan; with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such

5

matters would use in the conduct of an enterprise of a like character and with like aims; ... in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter." 29 U.S.C. § 1104(a).

30. As alleged herein, Defendants breached their fiduciary duties and obligations by interfering with Plaintiff's right to receive benefits under the Plan.

31. In so doing, Defendants have failed to make and authorize benefit payments to its Plan member at a time when Defendants knew or should have known that Plaintiff was entitled to said benefits under the terms of the Plan; and have unreasonably and/or arbitrarily withheld payments from Plaintiff in bad faith and in an inconsistent manner, knowing that Plaintiff has a reasonable claim to such benefits.

32. Such conduct of Defendants is a breach of Defendants' fiduciary duties and obligations, in that Defendants were not, and are not, discharging their duties with respect to the Plan solely in the interest of Plaintiff and for the exclusive purpose of providing benefits to Plaintiff and Defendants have failed to discharge their duties in accordance with the documents and instruments governing the respective Plan.

33. As alleged herein, Defendants have breached their fiduciary duties and obligations in failing to consistently and equitably apply company rules and regulations attendant to Defendant's Silfex's employee handbook, which, in turn, as a direct and proximate result lead to the denial of Plaintiff's benefits owed under the Plan.

34. As a further direct and proximate result of Defendants' Breach and Plaintiff's subsequent denial of benefits, Plaintiff has been damaged as herein alleged.

        C.       ATTORNEYS' FEES AND COSTS
                 (29 U.S.C. § 1132(G)(1))
                 AS TO ALL DEFENDANTS

35. Plaintiff incorporates the allegations set forth in paragraphs 1-34 as if fully restated herein.

36. 29 U.S.C. § 1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs incurred by a party required to bring an ERISA action.

37. As a direct and proximate result of the actions and failings of Defendants, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorneys' fees and costs hereafter pursuing this action, all in a final amount that is presently undetermined. Plaintiff, therefore, requests an award of reasonable attorneys' fees and costs.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendants and prays this Court:

- A. For a declaration regarding Defendants' noncompliance with the minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

- B. For an Order awarding Plaintiff benefits payable under the Plan for those payments for which she was and is entitled to receive;

- C. For an award of prejudgment and post judgment interest;

- D. For an award of reasonable attorneys' fees and costs incurred pursuant to 29 U.S.C. 1132(g)(1), and all other applicable federal and state statutes;

Respectfully submitted,

DUWEL LAW

*/s/ David M. Duwel*
DAVID M. DUWEL (0029583)
2101 First National Plaza
130 W. Second Street
Dayton, Ohio 45402
PH:   (937) 297-1154
FAX:  (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a Notice of Lawsuit and Request for Waiver of Service of Summons; a copy of this Complaint; two copies of the Waiver of Service of Summons; and a self-addressed, stamped envelope has been served upon Silfex's and Reliance's Standard designated agents for legal process, as set forth below, this 17th day of March, 2021:

*/s/ David M. Duwel*
DAVID M. DUWEL